AO 108 (Rev. 06/09) Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED
*December 19, 2019*
David J. Bradley, Clerk of Court

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Funds up to $108,212.57 on deposit in Wells Fargo bank account ending in 9204 held in the name of Jared Anderson, Sr. | Case No. **4:19mj2357** |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the ____Southern____ District of ____Texas____ is subject to forfeiture to the United States of America under ____18____ U.S.C. § § 981(a)(1)(C) *(describe the property)*: and 984:

Funds up to $108,212.57 on deposit in Wells Fargo bank account ending in 9204 held in the name of Jared Anderson, Sr.

The application is based on these facts:

See attached affidavit setting out the factual basis for probable cause to believe that the money sought to be seized is subject to forfeiture as property which constitutes or is derived from proceeds traceable to wire fraud.

☒ Continued on the attached sheet.

*Applicant's signature*

Christopher Dozier, USSS Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 12/19/19

*Judge's signature*

Peter Bray, U.S. Magistrate Judge
*Printed name and title*

City and state: Houston, Texas

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEIZURE WARRANT

I, Christopher Dozier, being duly sworn, depose and state as follows:

### I. Introduction and Agent Background

I make this affidavit in support of an application for a seizure warrant for all funds on deposit up to $108,212.57 in a bank account held at Wells Fargo Bank, as I submit that there is probable cause to believe that the account contains proceeds from a scheme to defraud, known as a "Business Email Compromise."

I am a Special Agent with the Department of Homeland Security, United States Secret Service, and I have been so employed since July 2018. I am currently assigned to the Houston Area Fraud Task Force in the Houston Field Office, and I have received training relevant to the subject areas addressed by the United States Secret Service. Specifically, I received training and instruction in federal criminal laws and fraud concerning financial institutions at the Federal Law Enforcement Training Center in Glynco, Georgia, and the James J. Rowley Training Center in Beltsville, MD.

I am authorized under Title 18, United States Code, Section 3056(b) to conduct criminal investigations concerning any of the laws of the United States relating to electronic fund transfer frauds, access device frauds, false identification documents or devices, and fraud or other criminal or unlawful activity in or against any federally insured financial institution. I am further authorized by 18 U.S.C. § 3056(c) to execute warrants issued under the laws of the United States and make arrests, based upon probable cause, for any felony cognizable under the laws of the United States.

The statements in this affidavit are based on my personal observations, my training and experience, information obtained from witnesses and other law enforcement officials, and review of records obtained during the course of investigation. Because this affidavit is being submitted

1

for the limited purpose of securing a seizure warrant, I have not included each and every fact known to me concerning this investigation.

## II. Property to be Seized

This affidavit is made in support of an application to seize up to $108,212.57 of the funds on deposit in the bank account titled Jared Anderson Sr. with a Palmetto, Florida address, account number 3810669204 ("Account 9204") at Wells Fargo, believed to have a balance of $87,603. I submit there is probable cause to believe this account holds proceeds from a scheme to defraud a victim company into electronically transferring money to the perpetrators based on false representations.

## III. Applicable Statutes

Title 18, United States Code, Section 981(a)(1)(C) provides for the civil forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)." A violation of 18 U.S.C. § 1343 (wire fraud) constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D).

With regard to the civil forfeiture of fungible property, Title 18, United States Code, Section 984 provides that funds deposited in an account in a financial institution that are found in the same account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense. This section, when it applies, excuses the government from tracing the proceeds into the account. In other words, hypothetically, if $100,000 in fraud proceeds were deposited into Account 1234 within the last twelve months, then the government may civilly forfeit an equivalent

amount of $100,000 in funds from Account 1234, even if it is not exactly the same money that was deposited.

Property subject to forfeiture may be seized pursuant to 18 U.S.C. § 981(b)(1).

### IV. Background on Online Schemes

I know from my training and experience that common online schemes include Business Email Compromise ("BEC") scams, advance payment scams, and romance scams. The business which lost money in this case appears to be the victim of an BEC in which a fraudster gains access to the business email account of an unwitting corporate employee and/or spoofs the official business email address of a legitimate company. The fraudulent email convinces the employee of the victim company to make a wire transfer of corporate funds to a fraudulent account that the employee believes is a legitimate account for a legitimate business transaction, such as paying an invoice to a vendor.

### V. Investigation of Fraudulent Scheme

I submit that there is probable cause to believe that a victim company located in Houston, Texas, was tricked into wiring $108,212.57 USD to a bank account in the United States controlled by the fraudster and/or associates. On December 13, 2019, Verdun Oil Company submitted a complaint with the Federal Bureau of Investigation through the Internet Crime Complaint Center ("IC3").

A. <u>The BEC Fraud Against Verdun Oil Company</u>

Verdun Oil Company, located in Houston, Texas, received an email requesting payment for services completed by Patriot Production and Rental Services LLC, and the email turned out to be fraudulent. Verdun Oil Company and Patriot Production do business, and Patriot Production has assigned all receivables to Catamount Funding.

On December 6, 2019, Zach Fellows (zfellows@verdunoilco.com), a Verdun Oil Company employee, received what appeared to be a legitimate email from Rex Williams, who is the CEO of Patriot Production (rex@patriotpetro.com), with a payment invoice attached. Zach and "Rex" compromised on a payment amount of $108,212.57.

Zach received an email from "Rex" (rex@patriotpetro.com) with wiring instructions for Catamount Funding, utilizing Wells Fargo Bank Routing Number 121000248 and Account 9204. Zach forwarded the email to Chief Financial Officer Daniel Savitz for review. Daniel completed the wire payment, and provided the wiring confirmation to Rex Williams.

On December 09, 2019, an unknown subject spoofed Zach's email (zfellows@verdunoilsco.com) and communicated with Rex, advising him that the wire transfer was delayed until Wednesday 12/11/2019.

On December 13, 2019, Catamount Funding contacted Verdun Oil inquiring about the missing payment. This is first instance that Verdun actually realized something was "wrong". Daniel advised he spoke to Rex, who stated he did not send the email containing the wiring instructions on December 06, 2019. Daniel advised Rex that the PDF document containing the invoice was similar to Patriot's payment invoice. However, Patriot did not send the invoice that Verdun Oil had received. After further investigation, the PDF payment invoice document was confirmed counterfeited/altered by an unknown party.

Rex advised Daniel that he had received an email from "Zach" concerning the above-mentioned delayed wire transfer. Zach advised Daniel that he did not send any such email. Rex provided the address where the email came from (zfellows@verdunoilsco.com). Daniel and his IT department discovered that the email address shows the letter "s" added to the email address.

Legitimate Verdun Oil operating email addresses do not contain the letter "s" at the end of "oil." Verdun Oil Company IT specialists have confirmed that the email with the delayed wiring information was not sent from Zach's "actual" Verdun Oil email address.

Catamount Funding advised Daniel that Catamount did not send out the wiring instructions that Verdun Oil had received. After a more thorough examination of the documents, Daniel advised the affiant there are grammatical errors that are not consistent with previous documents. Catamount Funding has confirmed they did not send the wiring instructions and believe the signature on the wiring instructions was copied/forged from some other unknown document.

Catamount Funding, Verdun Oil Company, and Patriot Production believe that their respective emails have all been spoofed and are/were being monitored by an unknown subject/organization for the purpose of defrauding their businesses in financial transactions.

On December 16, 2019, the affiant contacted Wells Fargo Investigations, which advised that victim Verdun Oil Company had reported a fraudulent wire transfer for $108,212.57 on December 06, 2019, to Account 9204, held by Jared Anderson Sr. Wells Fargo provided information that Verdun Oil Company had requested a recall on the wire. The recall was not possible, and Wells Fargo Account 9204 is holding the balance of $87,603.00.

B. <u>Wells Fargo Account 9204</u>

Bank records reflect that Jared Anderson Sr. opened Account 9204 in 2013. The address listed for account holder Jared Anderson Sr. is in West Palmetto, Florida. Bank records list Jared Anderson Sr. as unemployed but with income, and the bank account maintains an average of $17,000 monthly. Verdun Oil Company, Catamount Funding, and Patriot Production stated none

5

of them conduct business with Jared Anderson Sr. and no financial transactions should have been deposited/wired/credited to his Wells Fargo account.

## VI. Conclusion

I submit that probable cause exists to believe that a victim company electronically transferred $108,212.57 to Wells Fargo Account 9204 as a result of a scheme to defraud. Based upon the information outlined above, I submit that there is probable cause to believe that up to $108,212.57 on deposit in Wells Fargo Account 9204 constitute or are traceable to wire fraud and therefore subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984, and subject to seizure pursuant to 18 U.S.C. § 981(b)(2).

_____
Christopher Dozier
Special Agent
U.S. Secret Service

Sworn by telephone on December 19, 2019, and I find probable cause.

_____
Peter Bray
United States Magistrate Judge

6